IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **ASTRAZENECA PHARMACEUTICALS LP,**<br><br>*Plaintiff*,<br><br>v.<br><br>**DREW H. WRIGLEY,** in his official capacity as Attorney General of North Dakota, *et. al.*,<br><br>*Defendants.* | **Civil No. 1:25-cv-00182-DMT-CRH** |

**JOINT SCHEDULING PROPOSAL**

In accordance with the Court's order dated September 23, 2025 (ECF No. 10) and Federal Rule of Civil Procedure 26(f), the Parties have conferred and propose that the Court adopt a schedule for this matter as outlined below. The parties were unable to reach agreement on certain parts of the schedule and have identified those disputes for the Court's resolution.

The Parties do not consent to have the merits of this dispute adjudicated by a magistrate judge. *See* D.N.D. Civ. L. R. 72.1(B)(4).

**1. Motion for Judgment on the Pleadings.**

Defendants propose moving for judgment on the pleadings according to the following schedule and with the page limitations identified below (with the proposed page limits excluding the case caption and signature blocks, as well as any tables of contents, tables of authorities, attached exhibits, tables of exhibits, and certificates of service):

| Filing / Action | Due Date | Page limit |
|---|---|---|
| Defendants' motion for judgment on the pleadings | Mon., Nov. 17, 2025 | 45 |
| Plaintiff's opposition to judgment on the pleadings | Tues., Dec. 23, 2025 | 45 |

1

| Defendants' reply in support of judgment on the pleadings | Tue., Jan. 20, 2026 | 25 |
| Oral Argument | The Parties request oral argument, to be set on a date convenient for the Court | n/a |

The briefing schedule and page limitations above generally correspond with Scheduling Orders governing summary judgment briefing in the related *AbbVie*[1] and *PhRMA*[2] lawsuits, which involve some overlapping claims challenging the same North Dakota statute. Defendants submit that adopting this proposal for resolving Defendants' motion for judgment on the pleadings may therefore facilitate the Court's orderly adjudication of all three related cases.

Plaintiff denies that its claims can be resolved by a motion for judgment on the pleadings but does not oppose the schedule and page limitations set forth above.

**2. Discovery while motion for judgment on pleadings is pending resolution (disputed).**

The Parties disagree about the propriety of conducting discovery while Defendants' motion for judgment on the pleadings is pending resolution. The Parties request that the Court resolve that dispute at the forthcoming scheduling conference. In support of their respective positions, both sides offer the following short statements.

**A. Plaintiff's position.**

Discovery is necessary to address several key issues in this case. Among other things, discovery can resolve potential factual disputes regarding the operation and effect of HB 1473, including but not limited to: whether HB 1473 regulates delivery or pricing; whether Plaintiff's policy affects the access of North Dakota covered entities and their patients to Plaintiff's drugs; and the anticipated economic effects of HB 1473 on covered entities, contract pharmacies, and patients. In addition, the Parties have *already* disagreed among themselves about two factual

---

[1] *See Abbvie Inc., et al. v. Wrigley, et al.*, No. 1:25-cv-81 (D.N.D.), ECF No. 23.
[2] *See Pharm. Res. and Mfrs. of Am. v. Wrigley, et al.*, No. 1:25-cv-204 (D.N.D.), ECF No. 13.

premises underlying the Eighth Circuit's decision in *PhRMA v. McClain*: whether covered entities "maintain legal title to the 340B drugs" and whether a contract pharmacy "becomes an agent of the covered entity." 95 F.4th 1136, 1144, 1142 (8th Cir. 2024). Discovery can provide evidence regarding all of those issues, which the Court may deem relevant or even crucial to properly resolving this case.

Conducting discovery while the motion for judgment on the pleadings is pending would help resolve this case expeditiously and without delay in the event the motion is denied. Doing so will not harm Defendants. Plaintiff's discovery requests will be narrowly tailored and not overly burdensome. Plaintiff does not anticipate seeking any discovery from Defendants. And Plaintiff's anticipated third-party discovery will not include custodial document searches, but rather will ask for discrete categories of documents such as contracts and other readily accessible corporate-level information. Any depositions will be strictly limited as proposed below.

In the event judgment on the pleadings is not granted, Plaintiff strongly desires to proceed to summary judgment or trial as quickly as possible. Plaintiff estimates that the cost of complying with HB 1473 is approximately $500,000 per month. This case concerns the constitutionality of a state law, moreover, and "it is always in the public interest to protect constitutional rights," *Rodgers v. Bryant*, 942 F.3d 451, 458 (8th Cir. 2019) (citation omitted), while there is "no interest in enforcing an unconstitutional or preempted state law," *Sec. Indus. & Fin. Mkts. Ass'n v. Ashcroft*, 745 F. Supp. 3d 783, 802 (W.D. Mo. 2024). Even just the uncertainty regarding HB 1473's legality is harmful to everyone affected by the law. A speedy resolution to this case thus serves all parties.

## B. Defendants' position.

Defendants submit that Plaintiff's constitutional arguments can be resolved without imposing the burdens of discovery. The dispute over what H.B. 1473 regulates—delivery or price—is a legal issue, not a factual dispute. Similarly, whether Plaintiff's policies limit access to 340(b)-discounted drugs is irrelevant to whether H.B. 1473 is constitutional. Likewise, whether any given contract pharmacy maintains title to 340B-discounted drugs or acts as an agent of a covered entity is irrelevant to the constitutionality of the state law. H.B. 1473 says nothing about either of those conditions, and to the extent Plaintiff contends contract pharmacies are violating the requirements of the federal 340(b) program, Plaintiff's remedy would not be the invalidation of state laws. *Cf. Abbvie Inc., et al. v. Bailey, et. al.*, No. 4:24-cv-996, ECF No. 91 at 1 (E.D. Mo. Jul. 11, 2025) (dismissing challenge to analogous Missouri law because plaintiff "alleges injuries stemming not from the Missouri law at issue but from violations of federal law").

In short: the challenges asserted by Plaintiff require interpreting North Dakota's statute and determining whether it violates any of the constitutional provisions cited by the Plaintiff. The statute's constitutionality, or unconstitutionality, is not likely to turn upon any of the facts which Plaintiff contends may be "relevant" to this case. Likely for that reason, the two related manufacturer lawsuits challenging H.B. 1473 on similar grounds are scheduled to be resolved on cross-motions for summary judgment without having conducted discovery.

Defendants therefore contend there is a significant likelihood this matter will be resolved on the forthcoming motion for judgment on the pleadings. If that happens, conducting discovery (and managing discovery disputes) would serve no useful purpose. Rather, it would impose unnecessary burdens on North Dakota's covered entities—which by definition are providers with scarce resources operating in underserved areas. Indeed, the fact that Plaintiff primarily intends to

conduct third-party discovery counsels in favor of postponing discovery until the Court has determined it is necessary for resolution of the case. *See* Fed. R. Civ. P. 45(d)(1).

Nor would Plaintiff be prejudiced by the Court deciding the forthcoming motion for judgment on the pleadings before conducting discovery. Plaintiff recently filed an Amended Complaint that added more factual allegations consistent with what it claims it would prove through discovery—allegations relating to the operation of the so-called replenishment model—which must generally be *accepted as true* for purposes of a motion for judgment on the pleadings. *See* Am. Compl. (ECF No. 11) ¶¶ 33-37, 41-46. And Plaintiff's claimed need for expeditiousness rings hollow given that H.B. 1473 was signed into law on April 2, 2025, yet Plaintiff waited until the effective date (August 1) before filing suit. Plaintiff then waited nearly two months before filing its Amended Complaint. The equities therefore weigh in favor of postponing the burdens of discovery unless and until the Court determines discovery is in fact necessary for this case.

**3. Proposed Fact Discovery Plan.**

If discovery is conducted in this matter, the Parties propose the following parameters and deadlines for conducting that discovery:

Any discovery requested in this matter will be limited to requests for production, requests for admission, interrogatories, and depositions. Fact depositions shall be limited to the parties and to entities that receive a third-party subpoena. Each side (Plaintiff and Defendants) will be limited to four fact witness depositions, with a maximum of five hours per deponent, without additional approval of the Court. This section does not pertain to the deposition of expert witnesses, which is addressed below.

Any persons served discovery in this matter (both Parties to this action and third parties) shall be afforded at least 30 days to respond to the discovery requests.

The Parties shall in good faith attempt to resolve any disputes that may arise regarding discovery requests or responses without Court intervention, to include any disputes relating to claims of privilege. If the Parties are unable to resolve any discovery disputes without Court intervention, they shall follow the discovery dispute resolution procedures provided in the Court's Order of September 23, 2025 (ECF No. 10 at 3-4).

Within ten days after the order permitting discovery to proceed or an order denying the motion for judgment on the pleadings, the parties shall submit to this Court a joint proposed protective order, e-discovery protocol, rules regarding privilege logs, and Rule 502(d) order.

**A. Deadlines if discovery proceeds while the motion for judgment on the pleadings is pending resolution.** Within seven days after the entry of a protective order, e-discovery protocols, rules regarding privilege logs, and Rule 502(d) order, Plaintiff shall serve its discovery requests, if any. Plaintiff shall provide to Defendants a copy of all third-party discovery that it may serve or receive, as promptly as possible at the time of service or receipt. Within fourteen days after the entry of a protective order, e-discovery protocols, rules regarding privilege logs, and Rule 502(d) order, Defendants shall serve their discovery requests, if any. Defendants shall provide to Plaintiff a copy of all third-party discovery that they may serve or receive, as promptly as possible at the time of service or receipt.

If the Parties find it necessary to schedule any telephonic conference(s) relating to any discovery disputes, they shall jointly submit any requests for such conference(s) no later than 60 days after Defendants' deadline to serve discovery.

All fact discovery in this matter will be completed 120 days after Defendants' deadline to serve discovery unless modified or extended by the Court.

"Completed" means that all discovery shall be completed, not simply submitted, on the date specified. Accordingly, all discovery requests and fact depositions shall be submitted and/or scheduled prior to that date and shall allow sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders from this Court. Depositions of fact witnesses shall not be taken after the completion of fact discovery without leave of the Court.

**B. Deadlines if discovery proceeds after the motion for judgment on the pleadings is denied.** Within seven days after the entry of a protective order, e-discovery protocols, rules regarding privilege logs, and Rule 502(d) order, Plaintiff shall serve its discovery requests, if any. Plaintiff shall provide to Defendants a copy of all third-party discovery that it may serve or receive, as promptly as possible at the time of service or receipt. Within fourteen days after the entry of a protective order, e-discovery protocols, rules regarding privilege logs, and Rule 502(d) order, Defendants shall serve their discovery requests, if any. Defendants shall provide to Plaintiff a copy of all third-party discovery that they may serve or receive, as promptly as possible at the time of service or receipt.

If the Parties find it necessary to schedule any telephonic conference(s) relating to any discovery disputes, they shall jointly submit any requests for such conference(s) no later than 60 days after Defendants' deadline to serve discovery.

All fact discovery in this matter will be completed 120 days after Defendants' deadline to serve discovery unless modified or extended by the Court.

"Completed" means that all discovery shall be completed, not simply submitted, on the date specified above. Accordingly, all discovery requests and depositions shall be submitted and/or scheduled prior to that date and shall allow sufficient time for completion within the time specified

by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders from this Court. Depositions of fact witnesses may not be taken after the completion of fact discovery without leave of the Court.

**4. Proposed Expert Discovery Plan.**

This section applies to all witnesses from whom expert opinions will be elicited, regardless of whether or not the witness was specially retained to provide trial testimony. This includes any person who may present evidence under Rules 702, 703 or 705 of the Federal Rules of Civil Procedure.

The deadline for any Party to disclose an expert witness or testimony (other than for rebuttal purposes) is 21 days after the close of fact discovery.

Along with each party's designation of expert witnesses, each party shall provide the other parties with an affidavit from each expert witness designated pursuant to the above. *See* FRCP 26(a)(2)(B). The affidavit shall include a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness within the preceding ten years), the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. The expert's testimony will be limited to opinions and information contained in the affidavit and in any depositions that might be taken of that expert.

Expert witnesses will be made available for deposition in the order in which they are disclosed and within 30 days of the date they are disclosed unless otherwise agreed upon by the

parties. Each expert witness shall be made available for up to eight hours of deposition unless otherwise agreed to by the parties.

If either party wishes to disclose a rebuttal expert, such witness shall be disclosed within 45 days of the disclosure of the expert to whom they intend to rebut. Rebuttal expert witnesses will be made available for deposition in the order in which they are disclosed and within 30 days of the date they are disclosed unless otherwise agreed upon by the parties. Each rebuttal expert witness shall be made available for up to eight hours of deposition unless otherwise agreed to by the parties

All motions to strike expert designations or preclude expert testimony premised on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed on or before sixty days after the deadline to disclose the expert witnesses or rebuttal expert witnesses.

**5. Intervention, Joinder, and Other Non-Dispositive Motion Deadlines.**

The Parties do not presently anticipate moving to join other parties, to further amend the pleadings, or to file other non-dispositive motions that would warrant the Court establishing a filing deadline. If for good cause shown the Court grants any motion to join additional parties or to further amend the pleadings, the Parties submit that it would be appropriate for the Parties to then propose an alternative schedule to govern these proceedings.

In the event that the Court grants any motion to intervene that may be filed in this case by a person or entity that is currently not a party to this case, the Parties submit that it would be appropriate for the Parties to then propose an alternative schedule to govern these proceedings. In that event, the Parties shall jointly submit a proposed alternative schedule within 10 days of the order granting any additional party's intervention, and such alternative schedule shall have discovery deadlines and other case deadlines that are as close to the schedule that was previously adopted by the Court as circumstances will reasonably permit.

**6. Summary Judgment Deadlines.**

If this matter is not fully resolved on Defendants' motion for judgment on the pleadings, the parties submit this matter would be amenable to resolution on cross motions for summary judgment. In that event, the Parties propose that they will submit a joint scheduling proposal for briefing cross-motions on summary judgment within 14 days after an order from the Court denying Defendants' motion for judgment on the pleadings.

**7. No waiver of right to move for modification of schedule or seek other relief.**

By proposing this joint scheduling order, no Party intends to waive any rights that they may have to move for modification of the briefing schedule based on changed circumstances or for good cause otherwise shown, or to seek other relief from the Court.

Dated: October 08, 2025

/s/ *Joel Fremstad* (with permission)
Joel Fremstad (ND ID 05541)
FREMSTAD LAW FIRM
P.O. Box 3143
Fargo, North Dakota 58108-3143
Phone: (701) 478-7620
joel@fremstadlaw.com

Allon Kedem*
Jeffrey L. Handwerker*
Samuel I. Ferenc*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
(202) 942-5000 telephone
(202) 942-5999 facsimile
allon.kedem@arnoldporter.com
jeffrey.handwerker@arnoldporter.com
sam.ferenc@arnoldporter.com

Carmela T. Romeo*
ARNOLD & PORTER KAYE SCHOLER LLP

Respectfully submitted,

DREW H. WRIGLEY
Attorney General of North Dakota

/s/ *Philip Axt*
PHILIP AXT
Solicitor General
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505
Tel: (701) 328-2210
Email: pjaxt@nd.gov

ROBERT T. SMITH
Special Assistant Attorney General
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel: (202) 625-3616
Email: robert.smith1@katten.com

*Counsel for Defendants*

10

250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
(212) 836-8689 fax
carmela.romeo@arnoldporter.com

*Admitted pro hac vice

*Attorneys for Plaintiff*

## ORDER

Pursuant to its discussion with the Parties at the scheduling conference on October 21, 2025, the court shall not stay discovery pending disposition of the anticipated motion for judgment on the pleadings. Accordingly, the court **ADOPTS** the portion of the plan contemplating that discovery shall proceed while the motion for judgment on the pleadings is pending resolution. Additionally, the court **ADOPTS** the parties' plan regarding motions for judgment on the pleadings, expert discovery, intervention, joinder, other non-dispositive motion deadlines, and summary judgment deadlines.

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court